FILED

Julia Azrael (Bar No. 109049)
John S. Curtis (Bar No. 50350)
**LAW OFFICES OF JULIA AZRAEL**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Telephone: (818) 766-5177
Facsimile: (818) 766-5047

2011 AUG -5  AM 10: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendant BLOOMINGDALE'S, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

FATEMEH JOHNMOHAMMADI,
individually and on behalf of other
persons similarly situated,,

           Plaintiff,

    vs.

BLOOMINGDALE'S, INC., and
DOES 1 through 30, inclusive,

          Defendant.

Case No._ **LACV11-6434**GW(AJWy)

[Complaint Filed: July 5, 1011]

**DEFENDANT'S NOTICE OF
REMOVAL OF ACTION UNDER 28
U.S.C. § 1332, 1441, AND 1446**

**[Declaration of Kevin Moore filed
concurrently herewith]**

Discovery Cutoff: None
Motion Cutoff: None
Trial Date: None

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO
PLAINTIFF AND HER ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE THAT Defendant Bloomingdale's, Inc., hereby
provides notice of the removal to the United States District Court for the Central
District of California, Western Division of the following lawsuit filed on July 5, 2011
in the Los Angeles Superior Court and served on Defendant on July 7, 2011:
*Johnmohammadi v. Bloomingdale's, Inc.*, Case No. BC464729. The following is a
short, plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

I.      **DESCRIPTION OF THE ACTION**

On July 5, 2011, Plaintiff Fatemeh Johnmohammadi ("Plaintiff"), on behalf of herself and "other persons similarly situated," filed a complaint against Defendant in Los Angeles Superior Court (the "State Court Action").  Plaintiff purports to represent five putative classes defined as:

**Overtime Wages Class**: All persons who, at any time since the date three years preceding the filing the complaint in this action, worked in California as a no-exempt employee at a retail store operated by Defendant and earned commissions and/or other incentives during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Wage Statement Class**: All persons who, at any time since the date one year preceding the filing the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions and/or other incentives during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Restitution Class**: All persons who, at any time since the date four years preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions and/or other incentives during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Unpaid Final Wages Class "A":** All persons whose employment with Defendant ended at any time since the date three years preceding the filing the complaint in this action who worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions and/or other incentives during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Unpaid Final Wages Class "B":** All persons whose employment with Defendant ended at any time since the date three years preceding the filing of the Complaint in this action who worked in California as a non-exempt employee at a retail store operated by Defendant and who was paid a "vendor commission" after his final day of work if he was terminated or resigned with at least three days notice, or was paid a "vendor commission" more than three days after his final day of work if he resigned with less than three days notice.

Complaint, ¶ 11. Defendant was served with Plaintiff's Complaint on July 7, 2011. A true and correct copy of the State Court process and pleadings are attached hereto as Exhibit "A".

In her Complaint, Plaintiff seeks to recover alleged unpaid overtime, civil penalties, restitution, interest, penalty wages, attorney fees and costs. She brings four causes of action—

(1)    Failure to Pay Overtime Wages

(2)    Failure to Provide Accurate Wage Statements

(3)    Unfair Competition; and

(4)    Failure to Pay All Wages Owed Upon Termination.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d) (the 2005 Class Action Fairness Act, or "CAFA").

1

## II.     BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

2

3

### A.     Diversity of Citizenship Exists

4

5      This action is between citizens of different States.  Plaintiff is domiciled in the

6    State of California.  (Moore Declaration ¶ 4)  Defendant Bloomingdale's, Inc. is

7    incorporated under the laws of the state of Ohio and has its principal place of

8    business in the state of New York.  (Declaration of Kevin Moore, "Moore Decl." ¶ 2)

9    As a result, pursuant to 28 U.S.C. § 1332(d)(2)(A), the first requirement for diversity

10   jurisdiction exists because Plaintiff and Defendant are citizens of different States.

11   *See* 28 U.S.C. §§ 1332(c)(1)[1] and 1332(d)(2)(A)[2].

12

### B.     The Amount in Controversy Exceeds $5,000,000

13

14      The appropriate measure of the jurisdictional amount in controversy is "the

15   litigation value of the case assuming that the allegations of the complaint are true and

16   assuming a jury returns a verdict for the plaintiff on all claims made in the

17   complaint."  *Jackson v. American Bankers Insurance Co. of Florida*, 976

18   F.Supp.1450, 1454 (S.D. Ala. 1997), *citing Burns v. Windsor Insurance Co.*, 31 F.3d

19   1092, 1096 (11th Cir. 1994).  It is not determined by "the low end of an open-ended

20   claim," but by "a reasonable reading of the value of the rights being litigated."  *Angus*

21   *v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).  *See also Hart v. Washington State*

22   *Apple Advertising Commission*, 432 U.S. 333, 347 (1977).

23

24   [1] "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."

25
26   [2] "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
27   and costs, and is *a class action in which (A) any member of a class of plaintiff is a citizen of a State different from any defendant...*" [emphasis supplied]

28

Moreover, when assessing the amount in controversy for purposes of CAFA, the Senate Committee Report accompanying CAFA S. Rep. No. 109-14, makes clear that 28 U.S.C. § 1332(d) should be "interpreted expansively." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40 ("CAFA Senate Report").[3]

Although the Plaintiff does not state a specific amount of monetary relief she is seeking in her complaint, she seeks remedies on behalf of herself and the putative classes that include waiting time penalties for Defendant's alleged failure to timely pay all wages earned (predicated on Plaintiff's claim for alleged unpaid overtime), as well as civil penalties, restitution, pre-judgment interest and attorneys' fees.[4] (Complaint ¶¶ 3, 6, 12(c), 19, 26, 27, 31, 32, 42, 52 and Prayer for Relief ¶¶ D, E, F, G, H, I, J, and K, Ex. "A")  Plaintiff alleges that "there are not less than 200 members in each of the [five] Classes." *See* 28 U.S.C. § 1332(d)(5)(B); (Complaint ¶ 12(a), Ex. "A")  In fact, based on Plaintiff's proposed class definitions, Defendant Bloomingdale's Inc. has identified approximately 2,089 California employees who terminated during the time period of July 5, 2008 through July 23, 2011.  (Moore Decl. ¶ 7)

---

[3]   As stated in the CAFA Senate Report, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

[4]   The Ninth Circuit holds that attorneys' fees sought pursuant to a statute are added as part of the amount in controversy for the purposes of determining diversity jurisdiction, even where such an award is discretionary.  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998).  Here, Plaintiff requests attorneys' fees in connection with all five of her Causes of Action.  (Complaint ¶¶ 19, 27, 32, 42, 52 and Prayer for Relief ¶ J, Ex. "A")  In addition, the CAFA Senate Report notes that "the Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, declaratory relief)." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

Based solely on Plaintiff's allegations that waiting time penalties are due and assuming, *arguendo*, that Plaintiff was to succeed on her overtime claim, thirty days wages for the approximately 2,089 employees Bloomingdale's alone has identified to date as having terminated within the time period equals approximately $5,323,190. (Moore Decl. ¶ 9)  Notably, this figure does not include any recovery for Plaintiff's other claims for relief, which include, according to Plaintiff's Complaint, potential overtime recovery per employee (Complaint ¶ 19, Ex. "A"), penalty recoveries of up to $4,000 per employee for any alleged wage statement violations (Complaint ¶ 26, Ex. "A") , restitution, or other civil penalties.  Nor does this figure include any recovery for Plaintiff's attorneys' fees claims.  Therefore, based on the claims Plaintiff asserts, the size of the putative class, and the putative class nature of her Complaint, it is reasonable to conclude that the allegations pled—if taken at face value as required for removal analysis—give rise to an amount in controversy well in excess of $5,000,000.  Although Defendant reserves the right and expressly intends to challenge all claims raised and Plaintiff's proposed class definition, the predicates for diversity jurisdiction under 28 U.S.C. § 1332(d) – diversity of citizenship, more than $5,000,000 in controversy, and not less than 100 putative class members – clearly exist.

## III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Based on the foregoing, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a true and correct copy of the State Court process and pleadings as of the filing of this Notice of Removal are attached hereto as Exhibit "A".

1    This Notice of Removal is filed within the time provided by 28 U.S.C. §
2    1446(b) (*i.e.*, within 30 days of the effectuation of service on Defendant of Plaintiff's
3    Complaint).  Defendant was served with Plaintiff's Complaint on July 7, 2011 and is
4    filing this notice by August 5, 2011.

5
6    **IV.    CONCLUSION AND REQUESTED RELIEF**

7
8        For all of the reasons set forth above, Defendant Bloomingdale's, Inc.
9    respectfully requests that this Court proceed with this matter as if it had been
10   originally filed herein.

11   Dated:  August 4, 2011                    LAW OFFICES OF JULIA AZRAEL
12
13                                             By: _____
14                                                 JOHN S. CURTIS
                                                   Attorneys for Defendant
15                                                 BLOOMINDALE'S, INC.
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 'A'**

| Attorney or Party without Attorney: Dennis F. Moss, Esq., Bar #77512 Spiro Moss LLP 11377 W. Olympic Blvd. 5th Floor Los Angeles, CA 90064 Telephone No: 310-235-2468      FAX No: 310-235-2456 | For Court Use Only |
|---|---|
| *Ref. No. or File No.:* | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES AUG 02 2011 John A. Clarke ...en/Clerk By ~~~~~~~~ Deput GLORIETTA ROBINSON |

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

Los Angeles County Superior Court

*Plaintiff:* Fatemeh JohnMohammadi, et al
*Defendant:* Bloomingdale's, Inc, et al

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* BC464729 | 54 |
|---|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Notice of Case Reassignment and Case Management Conference

3.  a. *Party served:*  Bloomingdale's, Inc.
    b. *Person served:*  Becky De George, Person Authorized to Accept Service, Caucasian, Female, 48-53 Yrs Old, Blonde Hair, 170 Lbs.

4.  *Address where the party was served:*  CSC Lawyers Incorporating Service
    2730 Gateway Oaks Drive, Suite 100
    Sacramento, CA 95833

5.  I served the party:
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 28, 2011 (2) at: 3:21PM

7.  *Person Who Served Papers:*                                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Robert J. Mason                               d. *The Fee for Service was:*
    b. **Class Action Research & Litigation**        e. I am: (3) registered California process server
       P O Box 740                                       (i)  Employee
       Penryn, CA 95663                                  (ii) *Registration No.:*      03-007
    c. (916) 663-2562, FAX (916) 663-4955                (iii) *County:*               Placer

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Thu, Jul. 28, 2011

_____
(Robert J. Mason)

Judicial Council Form                              **PROOF OF SERVICE**                         *demoss.122315*
Rule 2.150.(a)&(b) Rev January 1, 2007

1     Dennis F. Moss (SBN 77512)
       SPIRO MOSS LLP
2     11377 West Olympic Boulevard, 5th Floor
       Los Angeles, CA 90064
3     Tel: (310) 235-2468; Fax: (310) 235-2456
       Email: dennisfmoss@yahoo.com
4
       Sahag Majarian, II (SBN 146621)
5     LAW OFFICES OF SAHAG MAJARIAN, II
       18250 Ventura Boulevard
6     Tarzana, CA 91356
       Tel: (818) 609-0807; Fax: (818)609-0892
7     Email: sahagii@aol.com

8     Attorneys for Plaintiffs

9

10

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF LOS ANGELES

13

| | |
|---|---|
| 14   FATEMEH JOHNMOHAMMADI, individually and on behalf of other persons<br>15   similarly situated, | Case No.: BC464729<br><br>[The Honorable Ernest H. Hiroshige; Dept. 54] |
| 16 <br>17           Plaintiff, | **NOTICE OF CASE REASSIGNMENT AND CASE MANAGEMENT CONFERENCE** |
| 18      vs.<br>19   BLOOMINGDALE'S, INC., and DOES 1 through 30, | |
| 20         Defendants. | |
| 21 | Date Action Filed:   July 5, 2011<br>Trial Date:         None set |

22

23

24

25

26

27

28

**NOTICE OF CASE REASSIGNMENT AND CASE MANAGEMENT CONFERENCE**

1   **PLEASE TAKE NOTICE** that the above encaptioned matter has been reassigned
2   to the Honorable Ernest H. Hiroshige in Department 54 of the above entitled court located
3   at 111 North Hill Street, Los Angeles, California 90012.  A copy of the Clerk's Minutes is
4   attached hereto as Exhibit A.
5       **PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a Case
6   Management Conference in the above case for November 7, 2011 at 9:00 a.m. in
7   Department 54 of the above entitled court.  All parties must file a Case Management
8   Statement at least 15 calendar days prior to the Case Management Conference.  A copy of
9   the Clerk's Notice is attached hereto as Exhibit B.
10
11  DATED: July 27, 2011                       SPIRO MOSS LLP
12
13
14                                         By: _____
                                               DENNIS F. MOSS
15                                             Attorneys for Plaintiff
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF CASE REASSIGNMENT AND CASE MANAGEMENT CONFERENCE**

# Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/12/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC464729 | Plaintiff Counsel |
| | FATEMEH JOHNMOHAMMADI VS BLOOMINGDALES INC | NO APPEARANCES |
| | | Defendant Counsel |
| | NON-COMPLEX (07-12-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Ernest H. Hiroshige in Department 54 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 54 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                    CLERK'S CERTIFICATE OF MAILING/
                      NOTICE OF ENTRY OF ORDER

                Page   1 of   2   DEPT. 324

MINUTES ENTERED
07/12/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/12/11                                                           DEPT. 324

HONORABLE EMILIE H. ELIAS        JUDGE   A. MORALES        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

          NONE              Deputy Sheriff   NONE              Reporter

8:30 am  BC464729                   Plaintiff
                                    Counsel
         FATEMEH JOHNMOHAMMADI                    NO APPEARANCES
         VS
         BLOOMINGDALES INC         Defendant
                                   Counsel

         NON-COMPLEX (07-12-11)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-12-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-12-11

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
              K. HILAIRE

SPIRO MOSS, LLP
Dennis F. Moss, Esq.
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California  90064-1683

MINUTES ENTERED
07/12/11
COUNTY CLERK

Exhibit B

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court
FILE STAMP

JUL 15 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
S. ALEXANDER

NOTICE SENT TO:

Moss, Dennis F., Esq.
Spiro Moss LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles,          CA  90064-1683

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| FATEMEH JOHNMOHAMMADI | Plaintiff(s). | BC464729 |
| VS. | | |
| BLOOMINGDALES INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _November 7, 2011_ at _9:00 am_ in _Dept. 54_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _July 15, 2011_

_Ernest M. Hiroshige_
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _July 15, 2011_

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## NOTICE TO ALL ATTORNEYS

## DEPARTMENT 54 RULES RE MOTIONS
## AND INFORMAL DISCOVERY DISPUTE MEDIATION
April 1, 2010 (rev. August 19, 2010)

### Motions

1.  On all Demurrers, Motions to Strike, Special Motions to Strike (Anti-Slapp and/or Slappback actions); and Motions for Judgment on the Pleadings, the moving party <u>shall attach to their moving papers the specific pleading(s) involved.</u>

2.  Due to the delay caused by increased case loads in civil courts, the increased volume of documents filed and the current delay in court scanning of documents; this Court deems it necessary to order as follows:

    On all motions in Department 54, <u>all Reply papers</u> shall be filed and served per the time requirements of CCP § 1005(b) and in the case of Motions for Summary Judgment / Summary Adjudication per CCP § 437c(b)(4); a <u>courtesy copy of all such Reply papers shall be lodged simultaneously directly in Department 54.</u>

### Informal Discovery Dispute Resolution

3.  In order to lessen the number of Motions to Compel filed in Department 54, this Court offers to attempt to informally mediate discovery disputes by conferring with all counsel involved by phone conference call and in an informal manner.

4.  After counsel have exhausted their duties to meet and confer in good faith about a discovery dispute as required by the discovery statutes; this Court is available to informally mediate a discovery dispute through a conference call arranged by the Court Clerk in Department 54. The following procedure is in place to handle these matters:

    *   Call the Court Clerk in Dept. 54 at (213)9745681; indicate that you are counsel on the case of _____ BC _____.

    *   Indicate that you are interested in scheduling an informal mediation re a specific discovery dispute ( identify the specific type of discovery dispute – Interrogatories, Motion to Produce, Inspection, Compel a Deposition, etc., number of attorneys involved in the dispute, and the estimated time to discuss it with the Judge, and the time frame in

which the matter needs to be resolved ). Give the Clerk your phone
and email number for return communications.

- <u>Depositions.</u> The Court is not to be called to resolve an objection to
  testimony at a deposition.  However, if a deposition is about to be
  abruptly terminated, the reasons for the termination might be
  discussed with the Court

- The Clerk will confer with the Judge as to when the dispute can be
  discussed with counsel.

- When the informal mediation can be scheduled, it is a conference
  phone call (arranged by counsel) in which all counsel involved in the
  dispute is on the conference phone call.

- There may be discovery disputes due to its complexity or the difficulty
  in scheduling the mediation due to a current trial, or other matters, that
  the Court may not be able to timely schedule the mediation.

- Since this informal mediation is meant to expeditiously resolve
  discovery disputes; there is no written briefing of the Court nor any
  formal ruling made.  The Court will listen to counsel's arguments and
  legal discussion and will make a suggestion to resolve the dispute
  based not on any detailed legal research but more on the general
  knowledge and experience of the Court.  These mediations are off the
  record; however, a resolution may be placed on the record only with
  the consent of all counsel involved in the mediation or counsel may be
  requested to prepare a written memorialization of the resolution if
  necessary.

- If the informal mediation by the Court does not resolve the dispute; any
  legal discussion or conclusions the Court came to during the mediation
  is without prejudice and is not in any way binding on any subsequent
  Motion to Compel brought as to the same dispute.  Any ruling on any
  such Motion will be based strictly on the legal authorities applicable to
  the Motion.

August 19, 2010          _____

                         Judge Ernest M. Hiroshige

Dept 54

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Dennis F. Moss, Esq., Bar #77512<br>Spiro Moss LLP<br>11377 W. Olympic Blvd.<br>5th Floor<br>Los Angeles, CA 90064<br>Telephone No: 310-235-2468    FAX No: 310-235-2456 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 20 2011<br><br>John A. Clarke ~~Executive Officer/Clerk~~<br>By _____ Deputy<br>GLORIETTA ROBINSON |
| Attorney for: **Plaintiff** | Ref. No. or File No.: |
| Insert name of Court, and Judicial District and Branch Court: | |
| Los Angeles County Superior Court | |
| Plaintiff: Fatemeh JohnMohammadi, et al | |
| Defendant: Bloomingdale's, Inc, et al | |

| PROOF OF SERVICE<br>Summons & Complaint | Hearing Date: | Time: | Dept/Div:<br>54 | Case Number:<br>BC464729 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; ADR Information Package; Voluntary Efficient Litigation Stipulations; Stipulation - Early Organizational Meeting; Stipulation - Discovery Resolution; Stipulation and Order - Motions in Limine; Informal Discovery Conference

3. a. *Party served:*        Bloomingdale's, Inc.
 b. *Person served:*      Becky De George, Person Authorized to Accept Service, Caucasian, Female, 48-53 Yrs Old, Blonde Hair, 170 Lbs.

4. *Address where the party was served:*   CSC Lawyers Incorporating Service
             2730 Gateway Oaks Drive, Suite 100
             Sacramento, CA 95833

5. *I served the party:*
 a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 07, 2011 (2) at: 3:09PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
 *on behalf of:* Bloomingdale's, Inc.
 Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*          Recoverable Cost Per CCP 1033.5(a)(4)(B)
 a. Garry Dick           d. *The Fee for Service was:*
 b. **Class Action Research & Litigation**  e. I am: (3) registered California process server
  P O Box 740            (i)  Independent Contractor
  Penryn, CA 95663          (ii)  *Registration No.:*  08-013
 c. (916) 663-2562, FAX (916) 663-4955   (iii)  *County:*     Placer
                 (iv)  *Expiration Date:*  Wed, Aug. 01, 2012

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

 Date: **Mon, Jul. 11, 2011**



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLOOMINGDALE'S, INC., and DOES 1 through 30

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 5 " 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FATEMEH JOHNMOHAMMADI, individually and on behalf of other persons similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| | CASE NUMBER: *(Número del Caso)* |
|---|---|
| | BC 464729 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis F. Moss, Esq. (SBN 77512)         (310)235-2468    (310) 235-2456
dennisfmoss@yahoo.com
SPIRO MOSS LLP, 11377 W. Olympic Boulevard, 5th Floor, Los Angeles, CA 90064
Los Angeles, CA 90064

DATE:                                                                    Clerk, by _____, Deputy
*(Fecha)*                                                               *(Secretario)*                    *(Adjunto)*

John A. Clarke, Clerk
Mary Flores

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1   Dennis F. Moss - State Bar No. 77512

2   **SPIRO MOSS LLP**
3   11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
4   Fax: (310) 235-2456
dennisfmoss@yahoo.com
5   greg@spiromoss.com

6   Sahag Majarian, II, Esq. - State Bar No. 146621
**LAW OFFICES OF SAHAG MAJARIAN, II**
7   18250 Ventura Boulevard
Tarzana, California 91356
8   Tel.: (818) 609-0807
Fax: (818) 609-0892
9   sahagii@aol.com

10   Attorneys for Plaintiff
FATEMEH JOHNMOHAMMADI

11

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 5 " 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

12           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                   **COUNTY OF LOS ANGELES**

14                           **BC 4 6 4 7 2 9**

15   FATEMEH JOHNMOHAMMADI, individually )   Case No.
and on behalf of other persons similarly situated, )
16                               )   CLASS ACTION
                                )
17                 Plaintiff,   )   **COMPLAINT**
                                )
18       vs.                         )   1.   Failure to Pay Overtime Wages
                                )   2.   Failure to Provide Accurate Wage Statements
19   BLOOMINGDALE'S, INC., and DOES 1   )   3.   Unfair Competition
through 30,                     )   4.   Failure to Pay All Wages Owed Upon
20                                 )         Termination
                                )
21               Defendants.   )   **DEMAND FOR JURY TRIAL**

22

23         Plaintiff Fatemeh Johnmohammadi ("Plaintiff"), on behalf of herself and all others similarly

24   situated, complains and alleges as follows:

25                               **INTRODUCTION**

26       1.       This class action lawsuit arises out of the failure of defendant Bloomingdale's, Inc.

27   ("Defendant") to pay all the overtime wages owed to non-exempt employees who earn incentive

28   payments, and the failure of Defendant to pay all final wages upon separation of employment.

2.      Plaintiff is a member of and seeks to be the class representative for the Overtime Wages Class, Wage Statement Class, 17200 Class and Unpaid Final Wages Class (collectively the "Class") defined in paragraph 11 below.

3.      Plaintiff seeks unpaid overtime wages, civil penalties, statutory penalties and restitution to which Plaintiff and other class members are entitled under the Labor Code, applicable Wage Orders, and/or Business and Professions Code Section 17203.

## JURISDICTION AND VENUE

4.      Venue is proper in this Judicial district and the County of Los Angeles because work was performed by class members in the County of Los Angeles and Defendant's legal obligations to class members under California law arose and were breached in the County of Los Angeles.

5.      The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California, Defendant is qualified to do business in California, and Defendant regularly conducts business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

A.      **Plaintiff**

6.      Plaintiff is a resident of Los Angeles County in California. Plaintiff worked in a non-exempt position at a retail store operated by Defendant in Los Angeles County, California during the four year period preceding the filing of this action. Her employment ended by involuntary termination on November 22, 2010. At times during her employment with Defendant, Plaintiff earned commissions for sales and other incentives, such as an incentive deemed "Instant Credit," and "awards" for performance during pay periods in which she worked overtime hours, i.e., more than eight hours in a workday and/or more than forty hours in a workweek. When Plaintiff earned commissions and incentives for work during pay periods in which she worked overtime hours, Defendant did not pay Plaintiff all the overtime wages earned by Plaintiff during those pay periods, because Defendant did not factor into the calculation of Plaintiff's "regular rate" of pay *all* the commissions and/or incentives earned by Plaintiff during the pay period. Defendant also failed to provide Plaintiff with accurate wage statements for those pay periods, because the wage statements for those pay periods did not state the

1   correct amount of gross or net wages earned by Plaintiff. Defendant discharged Plaintiff on November

2   22, 2010 but did not pay Plaintiff upon termination all the overtime wages earned by Plaintiff prior to

3   termination; and Defendant did not pay Plaintiff a commission check until January 21, 2011. To date,

4   Defendant has not paid Plaintiff any of the penalty wages owed to her under Labor Code Section 203

5   for failing to pay all the wages owed to her upon termination.

6       7.    The members of the Class are identifiable, similarly situated persons who were non-

7   exempt employees of Defendant who were  paid commissions and  incentives that were not factored

8   into their overtime wages, not provided accurate wage statements, and/or not paid all wages upon

9   termination.

10      **B.    Defendants**

11      8.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation

12  organized under the laws of the state of Ohio which maintains its principal place of business in the state

13  of Ohio. At all times relevant to this action, Defendant was the employer of Plaintiff and other

14  members of the class.

15      9.    Plaintiff is ignorant of the true names, capacities, relationships and extent of

16  participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 30, but is

17  informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful

18  conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will

19  amend this complaint to allege their true names and capacities when ascertained.

20      10.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all

21  respects pertinent to this action as the agent of the other Defendants, and/or carried out a joint scheme,

22  business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally

23  attributable to the other Defendants.

24      **CLASS ACTION ALLEGATIONS**

25      11.    Plaintiff brings this action on behalf of herself and on behalf of all other similarly

26  situated persons as a class action pursuant to Code of Civil Procedure Section 382. The members of

27  the Class belong to the Overtime Wages Class, Wage Statement Class, Restitution Class, Unpaid Final

28  Wages Class A, and/or Unpaid Final Wages Class B, which are defined as follows:

1      **Overtime Wages Class**: All persons who, at any time since the date three years
2      preceding the filing the complaint in this action, worked in California as a non-exempt
3      employee at a retail store operated by Defendant and earned commissions and/or other
4      incentives during a pay period in which the employee worked more than eight hours in a
5      workday and/or more than forty hours in a workweek.

6      **Wage Statement Class**: All persons who, at any time since the date one year preceding
7      the filing the complaint in this action, worked in California as a non-exempt employee at
8      a retail store operated by Defendant and earned commissions and/or other incentives
9      during a pay period in which the employee worked more than eight hours in a workday
10     and/or more than forty hours in a workweek.

11     **Restitution Class**: All persons who, at any time since the date four years preceding the
12     filing of the complaint in this action, worked in California as a non-exempt employee at
13     a retail store operated by Defendant and earned commissions and/or other incentives
14     during a pay period in which the employee worked more than eight hours in a workday
15     and/or more than forty hours in a workweek.

16     **Unpaid Final Wages Class "A"**: All persons whose employment with Defendant ended
17     at any time since the date three years preceding the filing the complaint in this action
18     who worked in California as a non-exempt employee at a retail store operated by
19     Defendant and earned commissions and/or other incentives during a pay period in which
20     the employee worked more than eight hours in a workday and/or more than forty hours
21     in a workweek.

22     **Unpaid Final Wages Class "B"**: All persons whose employment with Defendant ended
23     at any time since the date three years preceding the filing of the Complaint in this action
24     who worked in California as a non-exempt employee at a retail store operated by
25     Defendant and who was paid a "vendor commission" after his final day of work if he
26     was terminated or resigned with at least three days notice, or was paid a "vendor
27     commission" more than three days after his final day of work if he resigned with less
28     than three days notice.

12.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

      a.     The Class members are so numerous that the individual joinder of all of them as named plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 200 members in each of the Classes.

      b.     Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class. These common questions include, but are not limited to:

          (1)     Did Defendants, in violation of Labor Code Section 510, fail to pay non-exempt employees all overtime wages owed to them?

          (2)     Did Defendants, in violation of Labor Code Section 226, fail to provide accurate wage statements to non-exempt employees?

          (3)     Did Defendants, in violation of Labor Code Sections 201 or 202, fail to pay non-exempt employees upon termination all the overtime wages they earned prior to termination?

          (4)     Did Defendants act willfully when they failed to pay non-exempt employees upon termination all the overtime wages they earned prior to termination?

          (5)     Are Defendants liable for damages under Labor Code Section 1194?

          (6)     Are Defendants liable for damages under Labor Code Sections 201 or 202?

          (7)     Are Defendants liable for penalty wages under Labor Code Section 203?

          (8)     Are Defendants liable for civil penalties under Labor Code Section 226?

          (9)     Are Defendants liable for restitution under Business and Professions Code Section 17203?

1               (10)    Are Defendants liable for pre-judgment interest?

2               (11)    Are Defendants liable for attorney's fees?

3       c.     Plaintiff is a member of the Overtime Wages Class, Wage Statement Class,

4             Restitution Class and Unpaid Final Wages Classes; and the claims of Plaintiff are

5             typical of the claims of the other Class members who Plaintiff seeks to represent.

6             Plaintiff was formerly employed by Defendants and was subjected to the same

7             unlawful practices as other employees of Defendants. Plaintiff and other

8             members of the Class suffered the same injuries and seek the same relief.

9       d.     Plaintiff will adequately and fairly protect the interests of the members of the

10            Class. Plaintiff has no interest adverse to the interests of absent Class members.

11            Plaintiff is represented by legal counsel who have substantial class action

12            experience in civil litigation and employment law.

13       e.     A class action is superior to other available means for fair and efficient

14            adjudication of the claims of the Class and would be beneficial for the parties and

15            the court. Class action treatment will allow a large number of similarly situated

16            persons to prosecute their common claims in a single forum, simultaneously,

17            efficiently, and without the unnecessary duplication of effort and expense that

18            numerous individual actions would require. The monetary amounts due to many

19            individual Class members are likely to be relatively small, and the burden and

20            expense of litigation would make it difficult or impossible for Class members to

21            seek and obtain relief through individual lawsuits. A class action will serve an

22            important public interest by providing Class members an effective mechanism

23            for pursuit of the sums owed to them.

24    13.    Plaintiff is presently unaware of any difficulties that are likely to be encountered in the

25 management of this action that would preclude its maintenance as a class action, but reserves the right

26 to modify his allegations and/or the class definition based on further investigation, discovery or legal

27 developments.

28  //

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Overtime Wages Class against Defendants)**

14.      Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.      At all relevant times, Plaintiff and the other members of the Overtime Wages Class were employees of Defendants covered by Labor Code Section 510.

16.      Pursuant to Labor Code Section 510, Plaintiff and the other members of the Overtime Wages Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

17.      Defendants failed to pay Plaintiff and other members of the Overtime Wages Class all amounts of overtime wages owed in accordance with Labor Code Section 510. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not factoring all commission wages and/or other incentive wages into the "regular rate" of pay used for computation of overtime wages, which resulted in Defendants failing to pay all the overtime wages owed for pay periods during which overtime hours were worked and commission wages and/or other incentives were earned.

18.      As a result of Defendants' unlawful conduct, Plaintiff and other members of the Overtime Wage Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages earned.

19.      Pursuant to Labor Code Section 1194, Plaintiff and other members of the Overtime Wages Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiff and the Wage Statement Class against Defendants)**

20.      Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

1     21.   At all relevant times, Plaintiff and the other members of the Wage Statement Class were

2 employees of Defendants covered by Labor Code Section 226.

3     22.   Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage

4 Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an

5 accurate itemized statement showing: a) gross wages earned; and b) net wages earned.

6     23.   Defendants failed to provide Plaintiff and other members of the Wage Statement Class

7 accurate itemized statements in accordance with Labor Code Section 226(a).  Plaintiff is informed and

8 believes and thereon alleges that, during the limitations period applicable to this cause of action (the

9 "Penalty Period"), Defendants maintained a policy or practice of not factoring all  commission wages

10 and/or other incentive wages into the "regular rate" of pay used for computation of overtime wages,

11 which resulted in Defendants not providing itemized statements accurately showing the gross wages

12 earned or net wages earned for pay periods during which overtime hours were worked and commission

13 wages or other incentive wages were earned.

14     24.   Defendants' failure to provide Plaintiff and other members of the Wage Statement Class

15 with accurate wage statements was knowing and intentional.  Defendants had the ability to provide

16 Plaintiff and other members of the Wage Statement Class with accurate wage statements but

17 intentionally provided wage statements that Defendants knew did not reflect the full amount of

18 overtime wages earned for pay periods during which overtime hours were worked and/or other

19 incentive wages were earned.

20     25.   As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement

21 Class have suffered injury.  The absence of accurate information on their wage statements has

22 prevented timely challenges to some of Defendants' unlawful pay practices, required discovery and

23 mathematical computations to determine the amount of wages owed, caused difficulty and expense in

24 attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information

25 about wages and amounts deducted from wages to state and federal government agencies.

26     26.   Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage

27 Statement Class are entitled to recover fifty dollars for the initial pay period within the Penalty Period in

28 which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of

1    Labor Code Section 226 in every subsequent pay period during the Penalty Period, not to exceed an

2    aggregate penalty of four thousand dollars per employee.

3         27.    Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members of

4    the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor

5    Code Section 226(e), reasonable attorney's fees and costs of suit.

6                          **THIRD CAUSE OF ACTION**

7                            **UNFAIR COMPETITION**

8              **(By Plaintiff and the Restitution Class against Defendants)**

9         28.    Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

10        29.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within

11   the meaning of Business and Professions Code Section 17200.

12        30.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and other

13   members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and

14   other members of the Restitution Class have been deprived of their rights to overtime wages under

15   Labor Code Section 510 and have not been paid the full amount of overtime wages earned by and owed

16   to them.

17        31.    Pursuant to Business and Professions Code Section 17203, Plaintiff and other members

18   of the Restitution Class are entitled to restitution of all the overtime wages and interest thereon

19   rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of its

20   unlawful business practices.

21        32.    Plaintiff and other members of the Restitution Class are entitled to recover reasonable

22   attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure

23   Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

24                        **FOURTH CAUSE OF ACTION**

25        **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION**

26        **(By Plaintiff and the Unpaid Final Wages Class "A" against Defendants)**

27        33.    Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

28        34.    At all relevant times, Plaintiffs and the other members of the Unpaid Final Wages Class

1    "A" were employees of Defendants covered by Labor Code Section 201 or 202 whose employment by

2    Defendants ended..

3          35.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the

4    Unpaid Final Wages Class "A" were entitled upon termination to timely payment of all wages earned

5    and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned

6    and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to

7    payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of

8    resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned

9    and unpaid prior to resignation at the time of resignation.

10         36.    Defendants failed to pay Plaintiff and other members of the Unpaid Final Wages Class

11   "A" all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or

12   202. Plaintiff is informed and believes and thereon alleges that during the limitations period applicable

13   to this cause of action, Defendants maintained a policy or practice of not factoring all commission

14   wages and/or other incentive wages into the "regular rate" of pay used for computation of overtime

15   wages, which resulted in Defendants failing to pay upon termination all the overtime wages earned

16   prior to termination for pay periods during which overtime hours were worked and commission wages

17   and/or other incentive wages were earned.

18         37.    Defendants' failure to pay Plaintiff and other members of the Unpaid Final Wages Class

19   "A" all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was

20   willful. Defendants had the ability to pay all overtime wages earned by employees who worked

21   overtime hours during pay periods in which commission wages and/or other incentive wages were

22   earned, but intentionally adopted policies or practices incompatible with the requirements of Labor

23   Code Section 510. When Defendants failed to pay upon termination all overtime wages earned prior to

24   termination, Defendants knew what they were doing and intended to do what they did.

25         38.    Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Unpaid

26   Final Wages Class "A" are entitled to all wages earned prior to termination that Defendants did not pay

27   them.

28         39.    Pursuant to Labor Code Section 203, Plaintiff and other members of the Unpaid Final

1  Wages Class "A" are entitled to penalty wages, from the day their earned and unpaid wages were due

2  upon termination until paid, up to a maximum of 30 days.

3      40.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final

4  Wages Class "A" have suffered damages in an amount, subject to proof, to the extent they were not

5  paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

6      41.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final

7  Wages Class "A" have suffered damages in an amount, subject to proof, to the extent they were not

8  paid all penalty wages owed to them in violation of Labor Code Section 203.

9      42.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the

10  Unpaid Final Wages Class "A" are entitled to recover the full amount of their unpaid wages, unpaid

11  penalty wages, reasonable attorney's fees and costs of suit.  Plaintiff and other members of the Unpaid

12  Final Wages Class "A" are entitled to recover pre-judgment interest on all due and unpaid wages and

13  penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

14              **FIFTH CAUSE OF ACTION**

15      **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION**

16      **(By Plaintiff and the Unpaid Final Wages Class "B" against Defendants)**

17      43.     Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

18      44.     At all relevant times, Plaintiffs and the other members of the Unpaid Final Wages Class

19  "B" were employees of Defendants covered by Labor Code Section 201 or 202 whose employment by

20  Defendants ended.

21      45.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the

22  Unpaid Final Wages Class "B" were entitled upon termination to timely payment of all wages earned

23  and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned

24  and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to

25  payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of

26  resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned

27  and unpaid prior to resignation at the time of resignation.

28      46.     Defendants failed to pay Plaintiff and other members of the Unpaid Final Wages Class

1  "B" all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or

2  202 by failing to timely pay "vendor commissions."  Plaintiff was discharged in November 2010, and

3  paid a "vendor commission" wage payment in January 2011.  Plaintiff is informed and believes and

4  thereon alleges that during the limitations period applicable to this cause of action, Defendants

5  maintained a policy or practice of not paying all earned and unpaid "vendor commission" wages within

6  the time constraints of Labor Code Section 201 and 202.

7        47.     Defendants' failure to pay Plaintiff and other members of the Unpaid Final Wages Class

8  "B" all wages earned in accordance with Labor Code Sections 201 or 202 was willful.  Defendants had

9  the ability to timely pay all "vendor commission" wages earned by employees, but intentionally adopted

10 policies or practices incompatible with the requirements of Labor Code Section 201 and 202.  When

11 Defendants failed to timely pay all wages earned in compliance with Labor Code Section 201 and 202,

12 Defendants knew what they were doing and intended to do what they did.

13       48.     Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Unpaid

14 Final Wages Class "B" are entitled to all wages earned prior to termination that Defendants did not

15 timely pay them.

16       49.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Unpaid Final

17 Wages Class "B" are entitled to penalty wages, from the day their earned and unpaid wages were due

18 upon termination until paid, up to a maximum of 30 days.

19       50.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final

20 Wages Class "B" have suffered damages in an amount, subject to proof, to the extent they were not paid

21 for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

22       51.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final

23 Wages Class "B" have suffered damages in an amount, subject to proof, to the extent they were not paid

24 all penalty wages owed to them in violation of Labor Code Section 203.

25       52.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the

26 Unpaid Final Wages Class "B" are entitled to recover the full amount of their unpaid wages, unpaid

27 penalty wages, reasonable attorney's fees and costs of suit.  Plaintiff and other members of the Unpaid

28 Final Wages Class "B" are entitled to recover pre-judgment interest on all due and unpaid wages and

1 || penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

2                           **PRAYER FOR RELIEF**

3        WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for

4 || judgment against Defendants as follows:

5        A.    An order certifying this case as a class action;

6        B.    An order appointing Plaintiff as representative for the Class;

7        C.    An order appointing Plaintiff's counsel as counsel for the Class;

8        D.    Damages for unpaid overtime wages under Labor Code Section 1194;

9        E.    Civil Penalties under Labor Code Section 226(e);

10       F.    Restitution for unpaid overtime wages under Business and Professions Code Section

11             17203;

12       G.    Damages for unpaid final wages under Labor Code Section 201 or 202;

13       H.    Damages for penalty wages under Labor Code Section 203;

14       I.    Prejudgment interest at the maximum legal rate;

15       J.    Reasonable attorney's fees;

16       K.    Costs of suit; and

17       L.    Such other relief as the Court may deem just and proper.

18

19 || Dated: July 1, 2011          SPIRO MOSS LLP
                                   LAW OFFICES OF SAHAG MAJARIAN, II
20

21                                 By: _____
22                                     Dennis F. Moss
                                       Attorneys for Plaintiff

23                          **DEMAND FOR JURY TRIAL**

24       Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

25

26    Dated: July 1, 2011          SPIRO MOSS LLP
                                   LAW OFFICES OF SAHAG MAJARIAN, II
27

28                                 By: _____
                                       Dennis F. Moss

                            **COMPLAINT**
                                   13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Dennis F. Moss, Esq. (SBN 77512)
dennisfmoss@yahoo.com
SPIRO MOSS LLP
11377 West Olympic Boulevard, 5th Floor
Los Angeles, CA 90064
TELEPHONE NO.: (310)235-2468    FAX NO.: (310) 235-2456
ATTORNEY FOR *(Name):* Plaintiff FATEMEH JOHNMOHAMMADI

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 5  2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE:
BRANCH NAME: CENTRAL DISTRICT

**CASE NAME:** JOHNMOHAMMADI vs. BLOOMINGDALE'S, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 464729 |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Four (4)

5. This case [x] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/5/ , 2011

Dennis F. Moss, Esq. (SBN 77512)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: Johnmohammadi vs. Bloomingdale's, Inc. | CASE NUMBER BC 46472 9 |
|---|---|

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 5 '' 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☑ YES    TIME ESTIMATED FOR TRIAL *10* ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 5

| SHORT TITLE: Johnmohammadi vs. Bloomingdale's, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See<br>Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

| SHORT TITLE: Johnmohammadi vs. Bloomingdale's, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs<br>(38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate<br><br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 5

| SHORT TITLE: Johnmohammadi vs. Bloomingdale's, Inc. | CASE NUMBER |
|---|---|

| | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

(Left margin: **Miscellaneous Civil Petitions**)

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: *111 North Hill Street* |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: *July 5, 2011*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

1

## **PROOF OF SERVICE**

2

3   STATE OF CALIFORNIA          )
                                  )   ss.:
4   COUNTY OF LOS ANGELES         )

5       I am employed in the County of Los Angeles, State of California.  I am over
    the age of 18 and not a party to the within action.  My business address is 5200
6   Lankershim Boulevard, Suite 850, North Hollywood, California 91601.

7       On August 5, 2011, I served on interested parties in said action the within:

8   **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.**
    **§1332, 1441, AND 1446**
9

10      ☒   **BY MAIL:**   By placing true copies thereof in sealed envelope(s)
    addressed as stated on the attached mailing list, and placing it for collection and
11  mailing following ordinary business practices.  I am readily familiar with this office's
    practice of collection and processing correspondence for mailing.   Under that
12  practice, sealed envelopes are deposited with the U.S. Postal Service that same day in
    the ordinary course of business with postage thereon fully prepaid at Saint Louis,
13  Missouri.

14      ☐   **BY PDF VIA EMAIL:**  I caused the above-referenced document(s) to
    be sent via email in pdf format to the attached address(es).

15      ☐   **BY OVERNIGHT COURIER:**   I caused the above-referenced
16  document(s) to be delivered to FedEx for delivery to the attached address(es).

17      ☐   **BY FAX:** I transmitted a copy of the foregoing document(s) this date via
    telecopier to the facsimile numbers shown above.

18      ☐   **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered
19  by hand to the offices of the addressee(s).

20      ☐   **[State]**   I declare under penalty of perjury under the laws of the
    State of California that the foregoing is true and correct.

21      ☒   **[Federal]**   I declare that I am employed in the office of a member of
22  the bar of this court at whose direction the service was made.

23      Executed on August 5, 2011, at North Hollywood, California.

24   _____ANGEL MACDONALD_____        _____
             (Type or print name)                    (Signature)
25

26

27

28

- 8 -
Defendant's Notice of Removal of Action Under 28 U.S.C. § 1332,
1441 and 1446

1

**Johnmohammadi v. Bloomingdale's, Inc.**

2  Dennis F. Moss, Esq.
   **SPIRO MOSS LLP**
3  11377 W. Olympic Boulevard, 5th Floor
   Los Angeles, CA  90064-1683
4
   Tel: (310) 235-2468
5  Fax: (310) 235-2456
   dennisfmoss@yahoo.com
6
   Sahag Majarian II, Esq.
7  **LAW OFFICES OF SAHAG**
   **MAJARIAN II**
8  18250 Ventura Boulevard
   Tarzana, CA  91356
9
   Tel: (818) 609-0807
10 Fax: (818) 609-0892
   sahagii@aol.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Notice of Removal of Action Under 28 U.S.C. § 1332,
1441 and 1446