1  John S. Curtis (Bar No. 50350)
2  Email:  jcurtis@azraellaw.net
   **LAW OFFICES OF JULIA AZRAEL**
3  5200 Lankershim Boulevard, Suite 850
4  North Hollywood, California 91601
   Telephone:  (818) 766-5177
5  Facsimile:  (818) 766-5047
6
7  Attorneys for Defendant
   BLOOMINGDALE'S, INC.
8
9
              **UNITED STATES DISTRICT COURT**
10
              **CENTRAL DISTRICT OF CALIFORNIA**
11
12

13 **FATEMEH JOHNMOHAMMADI**,  ) Case No  2:11-cv-06434-GW -AJW
   individually and on behalf of other )
14 persons similarly situated,          )
                                        ) **DEFENDANT**
15        Plaintiff,                    ) **BLOOMINGDALE'S, INC.'S**
                                        ) **RULE 26(f) REPORT**
16        vs.                           )
                                        )
17 **BLOOMINGDALE'S, INC.,** and       ) Judge:     Hon. George H. Wu
   DOES 1 through 30,                   ) Location:  Courtroom 10
18                                      ) Scheduling Conf:  Sept. 29, 2011
          Defendants.                   ) Time:      8:30 a.m.
19                                      )
20                                      )
                                        )
21                                      ) Date Filed: July 5, 2011
22                                      ) Date Removed: August 5, 2011
                                        )
23
24
25
26
27
28

Defendant Bloomingdale's Inc.'s Rule 26(f) Report- Page 1

Defendant Bloomingdale's, Inc. submits the following Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 of the Local Rules of this Court.  Defendant's counsel understands that Plaintiff's counsel is unavoidably detained in trial and is currently unavailable to assist in the preparation of this report.  Before the Court's Scheduling Conference, Defendant's counsel will endeavor to meet with Plaintiff's counsel and to prepare a supplemental Joint Rule 26(f) Report in conformity with the foregoing rules.

## I.   STATEMENT OF THE CASE

On July 5, 2011, Plaintiff Fatemeh Johnmohammadi ("Johnmohammadi"), a former sales associate in Defendant Bloomingdale's, Inc.'s ("Bloomingdale's") Sherman Oaks store, filed this putative class action in Los Angeles Superior Court.  On August 5, 2011, Bloomingdale's removed the action to this Court in accordance with the Class Action Fairness Act, 29 U.S.C. §1332(d).

In her putative class action, Johnmohammadi alleges , individually and on behalf of all Bloomingdale's California non-exempt store employees who earned commission and/or incentive pay, Bloomingdale's  (1) failed to pay overtime wages, (2) failed to provide accurate wage statements, (3) failed to timely pay all earned wages upon termination, and (4) violated California's Unfair Competition  Law.  In its answer, Bloomingdale's asserted that Johnmohammadi and the putative class she seeks to represent were paid all earned overtime wages based on his or her regular rate of pay, received accurate wage statements, and, as applicable, were paid all earned wages at the time of his or her termination.  Moreover, Bloomingdale's asserted that Johnmohammadi, at the time of her hiring, specifically agreed to arbitrate all of her employment-related claims in accordance with

Bloomingdale's Early Dispute Resolution program and agreed not to assert class or collective claims.

## II. SUBJECT MATTER JURISDICTION

Subject matter jurisdiction for this action is based on diversity under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## III. KEY LEGAL ISSUES

The key legal issues are as follows:

- whether Johnmohammadi agreed to arbitrate her employment-related disputes under Bloomingdale's Early Dispute Resolution program and agreed not to bring class or collective claims;

- whether Johnmohammadi has standing to raise any or all of the claims set forth in her complaint;

- whether Johnmohammadi is a typical and/or adequate class representative, whether there are sufficient predominating issues of law and fact, and whether certification is q superior method of adjudicating the controversy so as to warrant the certification of Johnmohammadi's proposed classes;

- whether Bloomingdale's properly calculated Johnmohammadi's and/ or the putative class's regular rate of pay for purposes of determining his or her overtime pay;

- whether Bloomingdale's itemized wage statements conform with California law and, if not, whether Johnmohammadi and/or the putative class sustained any injuries as a result;

- whether Bloomingdale's paid Johnmohammadi's and/or the putative class's final wages in conformity with the requirements of California law.

## IV. PARTIES, EVIDENCE, ETC.

Johnmohammadi has asserted individual and class claims that encompass a wide range of issues. At this stage of the litigation, Bloomingdale's believes it would be premature and unduly burdensome to attempt to determine and identify all individuals with discoverable information as to the putative class claims. The following individuals have discoverable information pertaining to her individual claims:

- Kevin Moore (Operating Vice President – Human Resources)
- Ramon Gandia (Director – Compensation and Benefits)
- Paul Philips (Regional Director – Human Resources)
- Wiley Bartine (General Manager of the Sherman Oaks store)
- Adrienne Tierney (Human Resource Manager of the Sherman Oaks store)
- Kristin Jamarillo (former Human Resource Manager of the Sherman Oaks store)
- Ann Moyer (former Group Sales Manager of the Sherman Oaks store)
- Gale Hetherington (Group Sales Manager of the Sherman Oaks store)

The key documents pertaining to Johnmohammadi's individual claims include:

- Johnmohammadi's personnel file
- Johnmohammadi's loss prevention file
- Bloomingdale's Associate Handbook and policies and procedures relating to Johnmohammadi, including her compensation agreement;

- Johnmohammadi's clocking records
- Johnmohammadi's payroll records, including extant wage statements
- Bloomingdale's Early Dispute Resolution program, including documents pertaining to the program relating to Johnmohammadi

## V. DAMAGES

Bloomingdale's does not believe that Johnmohammadi or the putative class she seeks to represent have incurred any damages.

## VI. INSURANCE

There is no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any monetary judgment.

## VII. CONTEMPLATED MOTIONS

Bloomingdale's is currently contemplating filing a motion to compel Johnmohammadi's individual claims to arbitration and to dismiss her class allegations.  In the event Bloomingdale's does not file a motion to compel or if such motion to compel is not granted by this Court, Bloomingdale's contemplates filing a summary judgment motion designed to obtain summary adjudication on all or some of her claims.

## VIII. STATUS OF DISCOVERY

No discovery has occurred to date.  Bloomingdale's intends to make its initial disclosure before the Court's Scheduling Conference.

## IX. DISCOVERY PLAN

In the event this matter is not ordered into arbitration, Bloomingdale's intends to propound document requests, interrogatories, and

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

requests for admission and to take Johnmohammadi's deposition. Depending on Johnmohammadi's responses to the foregoing written discovery and/or Johnmohammadi's deposition testimony, Bloomingdale's may undertake additional discovery as warranted.

## X. DISCOVERY CUT-OFF

Bloomingdale's believes that no discovery cut-off should be set prior to filing any motion for class certification and that discovery should cut-off seven weeks before the parties are to file their Memoranda of Contentions of Fact and Law pursuant to Local Rule 16-7 (i.e., 14 weeks before trial).

## XI. EXPERT DISCOVERY

If necessary, Bloomingdale's believes that Johnmohammadi should disclose expert witnesses two weeks before the deadline for filing a class certification motion and that Bloomingdale's should disclose expert witnesses two weeks before its opposition to class certification is to be filed.

## XII. DISPOSITIVE MOTIONS

Bloomingdale's currently contemplates filing a motion to compel Johnmohammadi's individual claims to arbitration and, if necessary, filing a motion for summary judgment as to some or all of her claims, if appropriate.

## XIII. SETTLEMENT

Bloomingdale's would agree to participate in a non-judicial dispute resolution proceeding before a private mediator if warranted at a later time, pursuant to Local Rule 16-15.4.

## XIV. TRIAL ESTIMATE

Bloomingdale's believes it would be premature to set a trial date and/or estimate the length of any such trial until this Court rules on Bloomingdale's currently contemplated motion to compel arbitration and/or Johnmohammadi's motion for class certification.

## XV. TRIAL COUNSEL

Trial Counsel for Bloomingdale's: John S. Curtis. It is anticipated that, before the Court's Scheduling Conference, David E. Martin and Catherine E. Sison will file pro hac vice applications to also represent Bloomingdale's interests in this matter and, if such applications are granted by this Court, shall serve as additional trial counsel.

## XVI. INDEPENDENT EXPERT OR MASTER

At this time, Bloomingdale's believes that this case is not appropriate for the appointment of a master pursuant to Rule 53 or an independent scientific expert.

## XVII. TIMETABLE

Before the Court's Scheduling Conference, Bloomingdale's counsel will endeavor to meet with Johnmohammadi's counsel to develop an agreed-upon timetable.

## XVIII. PROPOSED DATES: MOTION TO COMPEL ARBITRATION, CLASS CERTIFICATION, FINAL PRE-TRIAL CONFERENCE

Bloomingdale's proposes to enter into a stipulation with Johnmohammadi to waive the requirement of Local Rule 23-3, which provides that class certification motions be filed 90 days after removal. Bloomingdale's further proposes that, if it files a motion to compel arbitration, that such motion to compel be filed within two weeks of the Court's Scheduling Conference or before October 13, 2011. If necessary and following the disposition of Bloomingdale's motion to compel arbitration, Bloomingdale's proposes that the Court set a further scheduling conference to set the schedule for the remainder of the case.

## XIX. MAGISTRATE JUDGE

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Bloomingdale's declines to have a Magistrate Judge preside over the proceedings.

Dated:  September 16, 2011        BLOOMINGDALE'S, INC.

                                            /s/
                                   John S. Curtis, Esq.
                                   Attorneys for Defendant

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

# PROOF OF SERVICE

STATE OF CALIFORNIA ) ss.:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5200 Lankershim Boulevard, Suite 850, North Hollywood, California 91601.

On September 16, 2011, I served on interested parties in said action the within:

**DEFENDANT BLOOMINGDALE'S INC.'S RULE 26(f) REPORT**

☐ **BY MAIL:** By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list, and placing it for collection and mailing following ordinary business practices. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at North Hollywood, California.

☐ **BY PDF VIA EMAIL:** I caused the above-referenced document(s) to be sent via email in pdf format to the attached address(es).

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

☐ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **[State]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **[Federal]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on the above referenced date, at North Hollywood, California.

ANGELIQUE MACDONALD
(Type or print name)          (Signature)

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

1 | **Johnmohammadi v. Bloomingdale's, Inc.**
*Case No  2:11-cv-06434-GW -AJW*

Dennis F. Moss, Esq.
**SPIRO MOSS LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, CA  90064-1683
Tel: (310) 235-2468
Fax: (310) 235-2456
dennisfmoss@yahoo.com

Sahag Majarian II, Esq.
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Boulevard
Tarzana, CA  91356
Tel: (818) 609-0807
Fax: (818) 609-0892
sahagii@aol.com