# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6434-GW(AJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | *Fatemeh Johnmohammadi v. Bloomingdales, Inc., et al.* | | |

**Present: The Honorable**   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dennis F. Moss | John Slade Curtis |
| | David E. Martin |

**PROCEEDINGS:**   **DEFENDANT BLOOMINGDALE'S, INC.'S MOTION TO COMPEL PLAINTIFF TO ARBITRATION AND TO STAY CIVIL PROCEEDINGS (filed 11/30/11)**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the Court finds that this claim is subject to arbitration. Counsel for defendants will file and serve a proposed order forthwith.

| | | : | 20 |
|---|---|---|---|
| | Initials of Preparer | JG | |

*Fatemeh Johnmohammadi v. Bloomingdale's, Inc.*, Case No. CV-11-6434
Final Ruling on Motion to Compel Arbitration originally heard on January 26, 2012

       In its tentative order on Defendant's motion to compel arbitration issued on January 26, 2012 (which is incorporated herein), the Court stated the following, after indicating its inclination to grant the motion to compel and not find the arbitration agreement violative of the National Labor Relations Act ("NLRA"):

>        The Court notes that in asking this Court to find the arbitration agreement unenforceable because it purportedly violates the NLRA, Plaintiff asserts that the "primary jurisdiction" of the NLRB to rule upon affirmative claims of unfair labor practices is not jeopardized. "'The doctrine of primary jurisdiction is a recognition of congressional intent to have matters of national labor policy decided in the first instance by the [NLRB].'" *Pace v. Honolulu Disposal Serv., Inc.*, 227 F.3d 1150, 1156 (9th Cir. 2000) (citation omitted). However, this primary jurisdiction doctrine has certain exceptions, and Plaintiff points the Court to a First Circuit decision, in which the court stated:
>
> > It is, of course, the [NLRB], not the courts, which has primary jurisdiction to determine what is and is not an unfair labor practice, and to provide affirmative remedies. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Nonetheless, as the federal courts may not enforce a contract provision that violates section 8 of the [NLRA], they may be obliged at times, in the course of resolving a contract dispute, to decide whether or not such a violation exists. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 86 (1982).
>
> *Courier-Citizen Co. v. Boston Electrotypers Union No. 11, Int'l Printing & Graphis Commc'ns Union of N. Am.*, 702 F.2d 273, 277 n.6 (1st Cir. 1983) (finding that contract provision did not violate Section 8 of the NLRA); *see also Kaiser Steel Corp.*, 455 U.S. at 86 ("While only the [NLRB] may provide affirmative remedies for unfair labor practices, a court may not enforce a contract provision which violates [the NLRA]. Were the rule otherwise, parties could be compelled to comply with contract clauses, the lawfulness which would be insulated from review by any court."). Thus, because this Court cannot enforce illegal contract provisions and the allegations of illegality center on whether Defendant violated the NLRA, Plaintiff posits that the Court is well within its authority to determine whether Defendant has violated Section 7 and 8(a)(1) of the NLRA. While the Court tends to agree with Plaintiff that in the present procedural and factual scenario, *i.e.*, on a motion to compel arbitration, the Court is well within its authority to evaluate whether the arbitration agreement violates the NLRA, the Court also recognizes that Plaintiff here has simultaneously raised with the NLRB, as of December 21, 2011, the illegality of

-1-

the representative action waiver in the arbitration agreement. Thus, the Court would address with the parties at the hearing how the filing of the NLRB charge by Plaintiff, admittedly after the institution of this lawsuit, should affect the ruling on the instant motion to compel arbitration, if at all. That is, while under *Kaiser* this Court needs to reach whether the representative waiver violates the NLRA and seemingly can without waiting on such a pronouncement from the NLRB, the Court is cognizant of the fact that the NLRB could reach a different result here than the Court. With the possibility of competing substantive law determinations, the Court would be concerned about the possible imposition of conflicting obligations and remedies placed on the parties. Thus, the parties need to address with the Court with more detail if the filing of the NLRB charge by Plaintiff should in any way make a difference to the outcome of the present motion. Defendant does not even refer to the NLRB filing in its reply, and Plaintiff does not acknowledge the possibility of competing substantive law obligations arising in this matter because of her confidence that the Court will resolve the motion to compel in her favor.

Docket No. 31 at 7-8.

Based on the parties' supplemental submissions, the Court would probably conclude that Plaintiff's filing of a complaint with the NLRB almost one month after Defendant filed the instant motion to compel (and five months after Plaintiff filed her complaint) does not deprive the instant Court of authority to grant the motion to compel. In addition, under the circumstances of this case, the Court sees no reason to exercise its discretion to stay this matter pending the NLRB's resolution of Plaintiff's related NLRA claim.

Regarding this Court's jurisdiction to proceed and as pointed out by Defendant, the Court recognizes that, in the first instance, it is being asked to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. *Id.* ("the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.") (emphasis added). The Court agrees that the FAA vests in the courts – not the NLRB – the responsibility to construe the FAA and to implement the congressional mandate to enforce arbitration agreements according to their terms. *See, e.g., Compucredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (The FAA "requires courts to enforce agreements to arbitrate according to their terms.").

In addition, as represented in the initial briefing *by Plaintiff* and not undermined (but in fact supported) by new authority presented by the parties, at a minimum, this Court's authority to entertain the NLRA defense to the motion to compel runs concurrently with the NLRB's jurisdiction to hear the separately filed NLRA charge. *See Courier-Citizen Co., supra; Kaiser Steel Corp., supra; Nelson v. Int'l Bhd. of Elec. Workers, Local Union No. 46, AFL-CIO*, 899 F.2d 1557, 1563 n.6, 1563-64 (9th Cir. 1990) (case relied on by Plaintiff in which Ninth Circuit acknowledges that "*district court[s have] jurisdiction to decided [NLRA, section 8] defenses [to the enforcement of a contract]*"; also noting that "[t]he NLRB and the district courts share concurrent jurisdiction over disputes involving both allegations of unfair labor practices and violation of a collective bargaining agreement [i.e., a contract]") (emphasis added), *overruled on other grounds as recognized by Overstreet v. United Bhd. of Carpenters and Joiners of Am., Local Union No. 1506*, 409 F.2d 1199, 1205 (9th Cir. 2005); *Sheet Metal Workers Int'l Ass'n ,*

-2-

*Local No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, (9th Cir. 1990) ("When a labor dispute involves both a breach of contract and an unfair labor practice charge, the NLRA and the courts have concurrent jurisdiction."); *Hotel & Rest. Employees, and Bartenders Union, Local 703 v. Williams*, 752 F.2d 1476, 1478 (9th Cir. 1980) ("[Appellants] also contend that the district court lacks jurisdiction [to compel arbitration under the Labor Relations Management Act] because an unfair labor practice may have been committed. This is an incorrect statement of the law. When a labor dispute involves both a breach of contract and an unfair labor practice charge, the NLRB and the courts have concurrent jurisdiction. [citation]. We hold that the district court had jurisdiction to determine the enforceability of this interest arbitration clause."); *Connell Constr. Co., Inc. v. Plumbers and Steamfitters Local Union No. 100*, 421 U.S. 616, 626 (1975) (rejecting appellate court's decision not to reach NRLA, section 8 issue raised by parties' case because "[t]his Court has held . . . that the federal courts may decide labor law questions that emerge as collateral issues in suits brought under independent federal remedies, including the antitrust laws."). Thus, the Court remains satisfied that it has jurisdiction to determine whether to compel arbitration in the instant case, even with Plaintiff raising a defense to arbitration under the NLRA and notwithstanding Plaintiff's subsequent filing of a claim with the NLRB. Indeed, this is not a circumstance in which the underlying substantive claims pressed by Plaintiff in her complaint involve determinations under the NLRA, but instead involves the Court's collateral consideration of an NLRA issue as a defense to a motion to compel arbitration. And again, Plaintiff presents no case law actually stating that this Court would now be without *authority* to grant the motion to compel simply because she has decided to file a charge with the NLRB.

  Instead, the real issue is whether this Court should exercise its discretion to stay a ruling on the motion to compel pending a final determination in the NLRB proceedings addressing the same NLRA issue. As the primary "discretion" case relied on by Plaintiff points out, this Court has such discretion to either proceed or wait for the NLRB to reach the issue. *Nelson*, 899 F.2d at 1564 ("the court has discretion to review the arbitrator's award or to stay enforcement of the award pending the NLRB's decision on the unfair labor practice claims."). Significant for this Court's outcome here is not only the discussion in *Nelson*, but a related discussion of district courts' discretion in *Sheet Metal Workers*, *supra*. In both cases, certain parties sued to judicially enforce or confirm arbitration awards at the same time that NLRB claims related to unfair labor charges as to the arbitration proceedings were pending before the NLRB. In *Sheet Metal Workers*, the Ninth Circuit likewise reiterated that "[t]he decision whether to stay court proceedings pending a decision by the NLRB is committed to the discretion of the district court." 900 F.2d at 1400. However, the Court further noted that the *"mere possibility"* of a conflicting result implicated by the two proceedings does not bar judicial enforcement of an arbitration award; "[n]or does a pending charge before the NLRB require stay or dismissal of the enforcement suit." *Id.* (internal quotations and citation omitted) (emphasis added). In affirming the district court's decision denying the stay request, the Ninth Circuit pointed out, *inter alia*, that the NLRB had not resolved the charges in that case yet, meaning no conflict presently barred enforcement of the arbitration award and went on to state that "[i]f the alleged conflict actually emerges and enforcement of the [] arbitration award would be unfair under the NLRB decision, [Appellant] could have the award vacated [at that point]." *Id.* at 1401.

  Here, too, the Court would be hesitant to stay its decision on the motion to compel and

delay these proceedings indefinitely simply based on the "mere possibility" that the NLRB might reach a different conclusion than the Court has regarding whether the representative action waiver is violative of the NLRA and unenforceable under the FAA. The Court also notes that it would not agree with Plaintiff that it is seemingly obvious that the NLRB will reach a different decision than this Court. Indeed, the primary authority supporting Plaintiff's NLRB charge - *D.R. Horton, Inc. and Michael Cuda*, 357 NLRB No. 184 (Jan. 3, 2012) - does not even address the factual circumstances of the instant case, as expressly acknowledged by the *D.R. Horton* decision and detailed by this Court in its prior tentative ruling. Moreover, the Court would note that the employer in *D.R. Horton*, as represented by Defendant's counsel, has petitioned the United States Court of Appeals for the Fifth Circuit to set aside the NLRB's decision and order (Case No. 12-60031), meaning the substantive basis for Plaintiff's NLRB charge could be undermined even further. Bradshaw Decl., Docket No. 37-1, ¶ 13. This is in contrast to the situation in *Nelson* where, at the point the district court was ruling on the stay request, the initial investigative findings of the NLRB had been completed and already cast doubt on the enforceability of the arbitration award. 899 F.2d at 1564.

And while this Court recognizes that, like in *Nelson*, the charges before the NLRB essentially mirror the NLRA defense presented to this Court for consideration, there are a few additional factual/procedural distinctions between that case and the instant matter (beyond the distinction already noted above) which make this Court hesitant to grant a stay. First, in *Nelson*, the underlying substantive dispute presented by the parties' *complaint* and *answer* necessarily required a resolution of the NLRA claim. *Id.* at 1559, 1564. As this Court already noted, here, it is not being asked to reach NLRA issues as part of the substance of Plaintiff's underlying substantive claims, but only collaterally as to whether she should have to arbitrate those claims. Second, as pointed out by Defendant in footnote 2 of its supplemental brief, the NLRA issue here is arguably more complicated than that presented in *Nelson* because it does not simply implicate a determination under the NLRA but also asks the Court (and the NLRB) to evaluate the requirements of the FAA (and Supreme Court precedent interpreting the FAA) *in conjunction* with the NLRA, an evaluation no doubt within this Court's province and to which this Court need not necessarily defer to the NLRB. *Cf. Kohn v. Sw. Reg'l Council of Carpenters*, 289 F. Supp. 2d 1155, 1174 (C.D. Cal. 2003) (denying preliminary injunction sought by NLRB Regional Director during pendency of related NLRB proceedings; refusing to defer to NLRB Administrative Law Judge decision finding certain bannering activity prohibited under the NLRA due to district court's contrary determination that such activity was likely protected under the First Amendment; noting that Regional Director's deference argument "misses the point that Congress empowered the District Court, not an [administrative law judge], to determine whether to grant or deny a Regional Director's request for a temporary injunction."); *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 144 (2002) ("we have accordingly never deferred to the Board's remedial preferences where such preferences potentially trench upon federal statutes and policies unrelated to the NLRA.")

Morever, as noted by the Ninth Circuit in *Sheet Metal Workers*, the Court imagines that if the NLRB does ultimately resolve this issue contrarily to the instant Court and Plaintiff can present sufficient argument that this Court should defer to such a decision (a point that Plaintiff has not adequately made at present), then Plaintiff might be able to seek a vacation of any

arbitration award issued contrary to the NLRB's findings.  900 F.2d at 1401; *see also* 9 U.S.C. § 10.  The Court would address this last point with the parties.  The Court would also probably stay, rather than fully dismiss this matter, in light of the possibility that Plaintiff may seek to return to the Court and revisit this issue pending the NLRB's resolution of her unfair labor practices charge.

For the foregoing reasons and the reasons in the Court's tentative order dated January 26, 2012, the Court would grant Defendant's motion to compel arbitration and stay these proceedings.